UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
Eastern Division

| | |
|---|---|
| RCN-BecoCom, L.L.C.<br><br>Plaintiff,<br><br>vs.<br><br>Town of Wakefield<br><br>Defendant. | **04 12386 NMG**<br>COMPLAINT FOR<br>DECLARATORY RELIEF<br>RECEIPT # _____<br>AMOUNT $ 150.00<br>SUMMONS ISSUED 3<br>LOCAL RULE 4.1 ✓<br>WAIVER FORM ✓<br>MCF ISSUED ✓<br>BY DPTY. CLK. M.P.<br>DATE 11/10/2004 |

MAGISTRATE JUDGE _____

Plaintiff RCN-BecoCom, L.L.C. ("RCN"), by and through its undersigned attorneys, hereby files its complaint seeking declaratory relief against the Town of Wakefield, Massachusetts ("Wakefield"), modifying RCN's cable television franchise license for Wakefield, and alleges and avers as follows:

## JURISDICTION AND VENUE

1.  This action arises under the Communications Act of 1934, 47 U.S.C. §§ 545, 555, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*

2.  This Court has jurisdiction over this matter pursuant to 47 U.S.C. § 555(a)(1) and (2) and 28 U.S.C. § 1331.

3.  Venue is proper in this Court pursuant to 47 U.S.C. § 555(a)(1) and 28 U.S.C. § 1391(b) in that Wakefield and RCN's cable television system in Wakefield are located in this District.

## PARTIES

4.  Plaintiff RCN is a limited liability company with its principal place of business in Somerville, Massachusetts.

5.  Defendant Wakefield is a municipality located in the Commonwealth of Massachusetts.

## FACTUAL ALLEGATIONS

6.  On March 9, 1999, Wakefield granted to RCN a final cable television license ("License") granting RCN a local franchise to construct and operate a cable television system in Wakefield.

7.  Pursuant to Section 3 of the License, RCN had eighteen (18) months to construct its system "and an additional three (3) months to offer cable service to any residential dwelling" in Wakefield. This twenty-one (21) month period (the "construction period") began to run once all necessary permits and approvals were granted by the Wakefield Municipal Gas and Light Department. These permits were secured on July 10, 2000; thus, the deadline under the License to provide service to all residential dwellings in Wakefield was April 10, 2002.

8.  RCN promptly began construction and made substantial progress within the first six (6) months of the construction period to complete its build-out to all residential dwellings in Wakefield.

9.  Thereafter, however, due to the unanticipated and severe downturn in the telecommunications sector of the economy, the demand for services declined, capital for new construction became unavailable, and it became commercially impracticable for RCN to satisfy the requirement in the License that RCN make cable service available to all residential dwellings in Wakefield.

10. By letter dated September 19, 2002, RCN requested a meeting with Wakefield's Board of Selectmen ("Board") to discuss obtaining formal relief from the License's requirement to serve all residential dwellings in Wakefield by a date certain. That meeting occurred on October 16, 2002.

2

11.     Subsequent to that meeting, on November 6, 2002, RCN requested an extension of time until November 15, 2003, to attempt to raise additional capital for construction and to try to resolve other issues related to completing the build-out.

12.     However, by letter dated January 16, 2003, the Board notified RCN of its opinion that RCN was in default under the License for failure to fully complete the residential build-out and for other reasons that have since been resolved.

13.     The Board and RCN continued to meet throughout 2003 in an effort to resolve the residential build-out requirement and other issues. While the other issues were resolved, the Board refused to agree to any relief from the full residential build-out requirement in the License, notwithstanding a contrary recommendation of the Wakefield Cable Advisory Committee that relief should be granted.

14.     A hearing was held on November 24, 2003, at which RCN informed Wakefield that, once all planned construction was accomplished, RCN's system would reach approximately 91% of residential dwellings in Wakefield, leaving only approximately 932 addresses unserved. RCN explained to the Board that almost all of those 932 addresses are located on cul-de-sac streets in which the utilities are underground, and that underground construction would be prohibitively expensive and uneconomic under then-current market conditions.

15.     On December 8, 2003, the Board issued a decision formally finding RCN to be in default of the License's build-out requirement, and directing "the Town Counsel and other relevant Town officials to take any and all action necessary or appropriate to cure the default including, without limitation, proceeding to exercise any and all rights that are available to the issuing authority under the performance bond which was provided by the Licensee pursuant to

§ 7 of the License and the letter of credit supplied by the Licensee under § 9 thereof, and seeking specific performance and/or damages through a civil action."

16. On December 19, 2003, pursuant to Section 625 of the Communications Act of 1934, as amended, 47 U.S.C. § 545, RCN submitted to Wakefield a Petition for Modification of the License ("Modification Petition"). Specifically, RCN sought to modify the License to remove any further obligation to construct underground network facilities.

17. 47 U.S.C. § 544(b), which authorizes franchising authorities to enforce franchise requirements pertaining to the provision of facilities and equipment, is explicitly made subject to the franchise modification process set forth in 47 U.S.C. § 545. Therefore, the filing of the Modification Petition triggered a stay, by operation of 47 U.S.C. § 544(b), of enforcement by Wakefield of the provisions of the License requiring further build-out and any penalties arising out of RCN's alleged default thereof.

18. 47 U.S.C. § 545 provides, in pertinent part:

During the period a franchise is in effect, the cable operator may obtain from the franchising authority modifications of the requirements in such franchise --

> (A) in the case of any such requirement for facilities or equipment, including public educational, or governmental access facilities or equipment, if the cable operator demonstrates that
>
> (i) it is commercially impracticable for the operator to comply with such requirement, and
>
> (ii) the proposal by the cable operator for modification of such requirement is appropriate because of commercial impracticability . . . ."

19. On March 22, 2004, Wakefield held a public hearing on the Modification Petition. At the hearing, RCN reiterated that over 9,000 of the 9,937 residences in Wakefield were being or would soon be served, and that the remainder of the residences can only be reached by

4

installation of underground facilities at a cost approximately ten (10) times greater than the cost of aerial construction.

20. At the March 22, 2004, hearing, RCN notified Wakefield of a new, additional basis for modification of the License. Section 2(c) of the License provides:

> In the event the Licensee reports to the Issuing Authority that it is at a competitive disadvantage as a result of a competing multi-channel video programmer operating in the Town, not currently required to be licensed by the Issuing Authority, the Issuing Authority and the Licensee agree that 47 U.S.C. § 545 will be applicable.

RCN informed Wakefield at the hearing that Verizon and DirecTV, a competing multi-channel video programmer not currently required to be licensed by Wakefield, had announced plans to jointly offer a package of digital television and DSL Internet service to local consumers that would be highly competitive with RCN's offerings. RCN informed Wakefield that, in providing such a package, Verizon and DirecTV would enjoy certain inherent advantages, including that they would avoid most of the construction costs faced by RCN and would not have to pay franchise fees to Wakefield. Upon information and belief, Verizon and DirecTV are now offering such a package to residents in Wakefield.

21. On July 13, 2004, Wakefield notified RCN in writing of its denial of RCN's Modification Petition.

## CLAIM FOR RELIEF – MODIFICATION OF LICENSE PURSUANT TO 47 U.S.C. §§ 545 AND 555

22. 47 U.S.C. § 545(b)(1) provides:

> Any cable operator whose request for modification under subsection (a) of this section has been denied by a final decision of a franchising authority may obtain modification of such franchise requirements pursuant to the provisions of section 555 of this title.

5

23. 47 U.S.C. § 555(a) provides:

> Any cable operator adversely affected by any final determination made by a franchising authority under section 54(a)(1), 545 or 546 of this title may commence an action within 120 days after receiving notice of such determination, which may be brought in (1) the district court of the United States for any judicial district in which the cable system is located; or (2) in any State court of general jurisdiction having jurisdiction over the parties.

24. 47 U.S.C. § 555(b) provides:

> The court may award any appropriate relief consistent with the provisions of the relevant section described in subsection (a) of this section and with the provisions of subsection (a) of this section.

25. Pursuant to the above statutes and 28 U.S.C. § 2201(a), this Court is authorized to hear and determine RCN's Modification Petition under the provisions of 47 U.S.C. § 545 and modify the License accordingly.

26. The construction requirements of the License require RCN to provide facilities and equipment, namely underground network elements, that, for the reasons set forth in the Modification Petition and due to the introduction of a competing multi-channel video programmer not currently required to be licensed by Wakefield, have become commercially impracticable within the meaning of 47 U.S.C. § 545(a)(1)(A)(i).

27. RCN's affiliates have requested and received relief from build-out requirements on the same grounds in Boston; San Francisco; Arlington, Virginia; and Montgomery County, Maryland.

28. The modifications requested by RCN would eliminate the commercial impracticability of building out to the remaining approximately 9% of residences in Wakefield, while preserving the License and enabling continued cable competition in Wakefield. The modifications requested by RCN are, therefore, appropriate in accordance with 47 U.S.C. §545(a)(1)(A)(ii).

**WHEREFORE**, plaintiff RCN respectfully requests the Court to enter a judgment modifying the License by eliminating the remaining, underground construction requirements, and granting such other and further relief as the Court deems just and proper in the circumstances.

Dated: November 10, 2004

By: _____
Lawrence J. Cohen, Esq. (BBO No. 089610)
Irina V. Gott, Esq. (BBO No. 652476)
Badger, Dolan, Parker & Cohen
One State Street
Boston, MA 02109
617-482-3030

Of Counsel:

L. Elise Dieterich, Esquire
Swidler Berlin Shereff Friedman, LLP
3000 K Street, NW, Suite 300
Washington, DC 20007-5116
(202) 424-7500

9180776v1

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
RCN-BecoCom, L.L.C.

**DEFENDANTS**
Town of Wakefield

(b) County of Residence of First Listed Plaintiff __Suffolk__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number) 617-482-3030
Lawrence Cohen, Esq. and Irina Gott, Esq.
Badger, Dolan, Parker & Cohen
One State Street, 6th Boston, MA 02109

Attorneys (If Known) 781-246-6343
Thomas Mullen, Esquire
Town Counsel
545 Salem Street, Wakefield, MA 01880

04 12386 NMG

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 871 IRS—Third Party 26 USC 7609 | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

47 U.S.C. Sections 545, 555 -- Action for declaratory judgment modifying cable television franchise license.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE 11/10/04
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __RCN-BecoCom, L.L.C. vs. Town of Wakefield__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [x] II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

   **04 12386 NMG**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]    NO [xx]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]    NO [x]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]    NO [x]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]    NO [x]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [x]    NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [xx]    Central Division [ ]    Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]    Central Division [ ]    Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]    NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Lawrence Cohen, Esquire and Irina Gott, Esquire__
ADDRESS __One State Street, Boston, MA  02109__
TELEPHONE NO. __617-482-3030__

(Coversheetlocal.wpd - 10/17/02)