**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**Eastern Division**

_____
                                               )
**RCN-BecoCom, LLC.,**                         )
                                               )
          **Plaintiff,**              )
                                               )
   v.                                       )   **Case No. 04-12386-NMG**
                                               )
**Town of Wakefield,**                         )
                                               )
          **Defendant.**              )
_____)

## REPLY TO COUNTERCLAIM

RCN-BecoCom, LLC, ("RCN"), the plaintiff and defendant-in-counterclaim in the above-captioned matter, hereby respectfully submits its Reply to defendant and counterclaimant Town of Wakefield's Counterclaim asserted against RCN in the Town of Wakefield's answer to RCN's complaint, dated December 9, 2004.[1]

For its Reply, RCN answers the factual allegations set forth in the numbered paragraphs of the Counterclaim and defends, as follows:

<u>Jurisdiction and Venue</u>

1.    Admits.

2.    Admits.

---

[1] RCN filed a consent motion for an extension of time to file its response to the Town of Wakefield's Counterclaim, and the court granted an extension to and including January 10, 2005, in which to file this Reply.

Parties

3. Admits.

4. Admits.

Factual Allegations

5. Admits.

6. Admits.

7. Admits.

8. Admits that the Town of Wakefield ("Town") in its January 16, 2003, notice to RCN alleged that RCN was in default for failure to complete construction of the system and to offer cable services all residential dwellings by the deadline of April 10, 2002, and that the Town noted that at the time of the said notice RCN had failed to make cable service available to more than 1,000 homes within the Town, and denies any remaining allegations in paragraph 8 of the Counterclaim.

9. Admits that the Town deferred taking action against RCN; denies that RCN was required to cure the defaults noted in the Town's notice within thirty (30) days after receipt thereof; and states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 9 of the Counterclaim.

10. Admits.

11. Admits.

12. Admits that, at the November 24, 2003, hearing RCN presented plans to provide service to all but 932 residential dwellings in the Town, and denies the remainder of the allegations in paragraph 12 of the Counterclaim.

13. Admits that the Town, subsequent to the hearing conducted on November 24, 2003, issued a written decision containing the assertions set forth in subsections a-e of paragraph 13 of the Counterclaim; denies that the written decision asserted that RCN proposed never to reach 9% of addresses, but admits that the written decision contained the remaining assertions set forth in subsection f or paragraph 13 of the Counterclaim; and denies any remaining allegations of paragraph 13 of the Counterclaim.

14. Admits.

15. Admits that, as of the date of the Counterclaim, RCN has not completed construction of its system in such a way as to offer cable service to approximately 932 residential dwellings in the Town, and that RCN has informed the Town that it is and will be for the foreseeable future commercially impracticable to provide service to such dwellings, but denies that RCN has proposed to deny service to such dwellings.

<u>Count I</u>

16. RCN reasserts its answers, as set forth above, to the averments incorporated by reference in paragraph 16 of the Counterclaim.

17. Admits that the License constitutes a contract between the Town and RCN, but denies that said License is enforceable as a contract without reference to the governing provisions of the federal Cable Act, 47 U.S.C. § 544(b) and 47 U.S.C. § 545.

18. Admits that among the obligations undertaken by RCN in the License is to construct its system in such a way as to offer cable services to all residential dwellings within the Town by April 10, 2002, but denies that said obligation is enforceable without reference to the governing provisions of the federal Cable Act, 47 U.S.C. § 544(b) and 47 U.S.C. § 545.

19.     Admits that RCN has failed to complete its system and to offer cable services to all residential dwellings within the Town, and that RCN has informed the Town that it is and will be for the foreseeable future commercially impracticable to provide service to dwellings not currently served, but denies the remaining allegations of paragraph 19 of the Counterclaim.

20.     Denied.

21.     RCN answers that the statements set forth in paragraph 21 of the Counterclaim constitute legal assertions and not factual allegations and, as such, require no response.  To the extent the statements in paragraph 21 of the Counterclaim may be deemed to require a response, RCN denies those statements.

22.     RCN answers that the statements set forth in paragraph 22 of the Counterclaim constitute legal assertions and not factual allegations and, as such, require no response.  To the extent the statements in paragraph 22 of the Counterclaim may be deemed to require a response, RCN denies those statements.

Count II

23.     RCN reasserts its answers, as set forth above, to the averments incorporated by reference in paragraph 23 of the Counterclaim.

24.     Denied.

25.     RCN answers that the statements set forth in paragraph 25 of the Counterclaim constitute legal assertions and not factual allegations and, as such, require no response.  To the extent the statements in paragraph 25 of the Counterclaim may be deemed to require a response, RCN denies those statements.

### Count III

26.     RCN reasserts its answers, as set forth above, to the averments incorporated by reference in paragraph 26 of the Counterclaim.

27.     Admits.

28.     Admits that the Town has forborne from making any demand against the performance bond and letter of credit; denies that the Town has any current rights under the performance bond and the letter of credit; and states that RCN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 28 of the Counterclaim.

29.     RCN answers that the statements set forth in paragraph 29 of the Counterclaim constitute legal assertions and not factual allegations and, as such, require no response.  To the extent the statements in paragraph 29 of the Counterclaim may be deemed to require a response, RCN denies those statements.

### **RCN's Affirmative Defenses**

#### First Defense

The Counterclaim is barred by 47 U.S.C. § 544(b) and 47 U.S.C. § 545 and Section 2(c) of the License.

#### Second Defense

The Town is estopped by its words and conduct from seeking the relief sought in the Counterclaim.

WHEREFORE, having fully replied to all of the allegations in the Counterclaim, plaintiff RCN prays that defendant and counterclaimant Town of Wakefield take nothing by way of its

Counterclaim and Counts I, II, and III, and that RCN be granted the relief requested in its Complaint, and that RCN have any and all other relief to which it may justly be entitled.

        Respectfully submitted,
        *RCN BecoCom, LLC*

        By: __s/LJC_____
           Lawrence J. Cohen, Esq. Bar No. 089610
           Irina V. Gott, Esq. Bar No. 652476
           Badger, Dolan, Parker & Cohen
           One State Street -- Sixth Floor
           Boston, MA 02109
           (617) 482-3030

Dated: January 10, 2005

- 7 -

## CERTIFICATE OF SERVICE

I , Lawrence J. Cohen, Esq., hereby certify that on this 10th day of January, 2005, I caused a copy of the foregoing Reply to Counterclaim to be served by first-class mail, postage prepaid, on the following:

>Thomas A. Mullen, Esquire
>545 Salem Street
>Wakefield, MA 01880
>Counsel for Defendant and Plaintiff-in-Counterclaim

>s/LJC
>Lawrence J. Cohen